IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JASON SWINDLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 2:21-00668 |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody[1] (Document No. 1), filed on December 23, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL BACKGROUND**

In his letter-form Petition, Petitioner complains that he did not "get a fair trial" in Jackson County Circuit Court concerning Case No. 20-F-33. (Document No. 1, p. 1.) Petitioner explains that on June 11, 2021, following a three-day jury trial, Petitioner was "found guilty on all 10 counts" of the Indictment. (Id., p. 2.) Petitioner acknowledges that he has not yet been sentenced by the Circuit Court. (Id., p. 1.) Petitioner, however, argues there was insufficient evidence to support his conviction. (Id., pp. 2 – 4.) Specifically, Petitioner challenges the sufficiency of the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

State's witnesses' testimony and the video footage. (Id.) Petitioner alleges that he requested his defense attorney to file a motion for acquittal or new trial challenging the sufficiency of the evidence. (Id.) Petitioner, however, states that his defense attorney "told [him] this stuff I talked about would be good for my appeal, so [Petitioner] fired him on July 29, 2021." (Id.) Petitioner further alleges that he has a "trial in January 2022 for recidivist where Jackson County Circuit Court is trying to give me a life sentence where [Petitioner] was found guilty on the 10 count Indictment." (Id., p. 5.) Petitioner argues that his recidivist trial must be held within the same term of court that he was convicted on the 10-count Indictment, but his recidivist trial will be occurring two terms past the allowed time. (Id., pp. 1 and 6.) Petitioner asserts that "Jackson County Circuit Court is trying to give me a recidivist trial in January of 2022, which is 7 after [he] was found guilty." (Id.) Petitioner argues that "the law clearly states that [he has] to have the recidivist trial in the same term of court as the one [he] was found guilty in." (Id.) Therefore, Petitioner requests that his Court "please investigate this case" and grant him a "change of venue." (Id.)

## **DISCUSSION**

1.      **Consideration under Section 2254:**

To the extent Petitioner is seeking *habeas* relief pursuant to 28 U.S.C. § 2254, the undersigned finds that Petitioner's federal *habeas* petition is premature. Section 2254 provide for the filing of an application for writ of *habeas* corpus on behalf of "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In the instant case, Petitioner acknowledges that he has been convicted but not yet sentenced by the Circuit Court of Jackson County. Therefore, Petitioner is not yet in custody pursuant to a State court's judgment. Furthermore, as a prerequisite to filing a Section 2254 Petition, a petitioner must exhaust his state remedies. The Antiterrorism

and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the

3

prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving

a dismissal with prejudice.[2] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986). In the instant case, Petitioner's *habeas* claims are clearly unexhausted as he has neither pursued a direct appeal to the West Virginia Supreme Court of Appeals nor sought relief by pursuing State *habeas* proceedings. See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues.); Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) The undersigned, therefore, respectfully recommends that the District Judge find Petitioner's Petition under Section 2254 to be premature and dismiss such without prejudice.

**2.     Consideration under Section 2241:**

In the alternative, the undersigned will consider Petitioner's Petition as being filed pursuant to 28 U.S.C. § 2241. Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). State and Federal Court pretrial detainees may properly resort to Section 2241 for relief. Davis v. South Carolina, 2008 WL 154126 (D.S.C. Jan. 14, 2008)("[P]etitions for federal habeas corpus relief by pretrial detainees can be brought under 28 U.S.C. § 2241 . . . ..") Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate exhaustion of state remedies and "special circumstances" justifying federal review. Brazell v. Boyd, 991 F.2d 787, * 1 (4th Cir.

---

[2] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

1993); also see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973)("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); Jones v. Perkins, 245 U.S. 390, 381, 38 S.Ct. 166, 62 L.Ed. 358 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Dickerson v. Louisiana, 816 F.2d 220, 224 - 226 (5th Cir. 1987); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") In the absence of special or extraordinary circumstances, federal courts must abstain from enjoining state criminal prosecutions and allow the state courts the first opportunity to address any constitutional issues. Younger v. Harris, 401 U.S. 37, 43, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Obviously, the circumstances under which pretrial detainees might make a viable claim for *habeas* relief are extremely limited. Thus, though District Courts can consider pretrial detainees' petitions under Section 2241, they rarely, if ever, do so finding that (1) they should abstain from exercising jurisdiction and/or (2) they do not have jurisdiction because petitioners have not exhausted State and Federal Court remedies. See Lucas v. Francis, 2015 WL 9899362, * 4 (S.D.W.Va. Dec. 28, 2015); Chaparro v. Reardon, 2014 WL 4662233 (D.N.J. Sept. 18, 2014); Elkins v. United States, 2012 WL 1016066 (W.D.Va. March 23, 2012)("[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings."); Mitchell v. Harry, 2013 WL 6283691 (M.D. Pa. Dec. 3, 2013); Smith v. PA State Attorney General, 2011 WL 6012976 (M.D.Pa. Nov. 3, 2011); Davis v. South

6

Carolina, 2008 WL 154126 (D.S.C. Jan. 14, 2008); Clark v. Anderson, 2001 WL 1631538 (N.D. Tex. Dec. 14, 2001); Moore v. United States, 875 F.Supp. 620 (D.Neb. 1994).

"Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A Court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). "[O]ne such extraordinary circumstance may exist in the double jeopardy context." Id.; also see Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996)(recognizing that the protection of the Double Jeopardy Clause "would be irreparably lost if petitioners were forced to endure the second trial before seeking to vindicate their constitutional rights at the federal level"). Speedy trial claims may also be reviewable in a pretrial federal *habeas* proceeding, but only after exhaustion of state remedies. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); also see Carden v. State of Montana, 626 F.2d

82, 84 (9th Cir. 1980)(reversing district court's grant of *habeas* relief on a Sixth Amendment speedy trial claim because petitioners failed to demonstrate the type of special circumstances warranting federal intervention prior to trial and noting that petitioners' remedy is to proceed to trial and thereafter raise their speedy trial claim); Dickerson v. State of Louisiana, 816 F.2d 220, 226-27 (5th Cir. 1987)(affirming denial of pretrial *habeas* relief on Sixth Amendment speedy trial claim); Neville v. Cavanagh, 611 F.2d 673, 674-76 (7th Cir. 1979)(affirming denial of pretrial *habeas* petition claiming violation of the right to speedy trial under Interstate Agreement on Detainers Act, even though claim was presented to state supreme court); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)(concluding that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal).

In the instant case, Petitioner essentially challenges the sufficiency of the evidence against him and asserts a violation of the West Virginia two-term rule. The two-term rule is embodied in West Virginia Code § 62-2-12, which provides, in pertinent part, as follows: "A person in jail, on a criminal charge, shall be discharged from imprisonment if he be not indicted before the end of the second term of the court, at which he is held to answer."[3] Thus, Petitioner does not allege a violation federal law or a federal constitutional right by asserting the alleged violation of the West Virgina two-term rule.[4] The undersigned further finds that the Younger abstention doctrine applies in the instant case. First, State court proceedings are ongoing as Petitioner has yet to be sentenced

---

[3] Petitioner acknowledges that he has been indicted in Case No. 20-F-33.

[4] The undersigned further notes that the relief granted for a violation of the two-term rule is "release from commitment to jail and not a ban to prosecution of the underlying offense." *State ex rel. King v. Ielapi*, 2012 WL 2979072, * 20 (W.Va. March 9, 2012); *also see State v. White*, 2014 WL 4347130, * 2 (W.Va. Aug. 29, 2014)("[A] violation of the two-term rule does not prohibit further prosecution or incarceration on a subsequent indictment, conviction, and sentence.")

on his conviction of the 10-count Indictment or convicted on the recidivist charge seeking life imprisonment pursuant to the West Virginia habitual offender statutes, W.Va. Code § 61-11-18 and 19. Second, the pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system in determining Petitioner's innocence or guilt of those charges without undue federal interference. Third, the matters in controversy are ongoing and Petitioner will have an adequate opportunity to present the claims which he is attempting to present in this Court in State Court proceedings. See Gilliam v. Foster, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Fourth, there is no indication in this matter that the District Court should make any exception to abstention. Specifically, Petitioner has failed to demonstrate the existence of an extraordinary circumstance that present a threat of immediate and irreparable injury. Though Petitioner may claim to the contrary, there is no indication of bad faith or harassment by State officials who have handled the investigation and Petitioner's prosecution or that the law to be applied in his prosecution violates his constitutional rights. Rather, it appears that State officials are prosecuting Petitioner with a reasonable expectation of obtaining a valid conviction and constitutionally in conformity with West Virginia procedural and substantive law. Furthermore, Petitioner has not demonstrated that he has exhausted his State court remedies. See Brazell, 991 F.2d 787 at * 1(Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate exhaustion of state remedies and "special circumstances" justifying federal review.); also see Richardson v. Thompson, 2015 WL 7422709, * 3 (D.S.C. Sept. 30, 2015)("Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b),

federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241."). Accordingly, to the extent Petitioner is requesting relief under Section 2241, the undersigned respectfully recommends that the District Court deny Petitioner's Petition.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS without prejudice** Petitioner's letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*.

Dated: January 12, 2022.

Omar J. Aboulhosn
United States Magistrate Judge